UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. JULIE DIRICO, DR. MARTIN HYMAN,
HEM NALINI SINGH, and JAGNARINE
SINGH,

                Plaintiffs,

          -against-

BROOKSTONE CAPITAL MANAGEMENT,
LLC, CHRISTOPER J. CONOVER, and
HUDSON VALLEY WEALH
MANAGEMENT, INC.,

                Defendants.

**ORDER**

25-CV-01052 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 18, 2026, the Court ruled on the second motion to compel arbitration filed by Defendant Brookstone Capital Management, LLC ("BCM"), granting the motion only as to Plaintiff Dr. Martin Hyman and otherwise denying the motion. (Doc. 96). Specifically, and as stated on the record, although BCM stated multiple times in its motion that "the record before this Court reflects that all four Plaintiff's initials conspicuously appear" next to the acknowledgment, the record did not so reflect: the document labeled "Exhibits D, E, F, and G" contained only Dr. Hyman's initials on the receipt of Part A acknowledgement; and only Dr. Hyman's signature under the statement of understanding below it. In other words, the documents that BCM presented to the Court only bound Dr. Hyman to arbitration and no similar acknowledgement was filed in support of the motion for any of the other three Plaintiffs. Defense counsel represented to the Court on the record that the same acknowledgements existed for the other three Plaintiffs and, in light of that representation, the Court directed the parties to meet and confer with respect to that documentation in an effort to resolve the issue without the need for further Court intervention.

On March 27, 2026, defense counsel filed a letter in which they continue to maintain that all Plaintiffs executed and acknowledged receipt of documents containing an arbitration clause. (Doc. 99). Annexed to the letter are four exhibits which BCM contends are "additional complete copies of the governing Investment Policy Statement documents." (*Id.* at 1). The documents annexed are: (1) a duplicate copy of the Risk Profile Questionnaire signed by Plaintiff Julie DiRico Hyman (Doc. 99-1); (2) an Investment Policy Statement (IPS) Part A and Part B, prepared for Plaintiff Hem Nalini Singh with an illegible last page (Doc. 99-2); (3) a complete Investment Policy Statement (IPS) Part A, Part B, and Risk Profile Questionnaire prepared for and signed by Plaintiff Jagnarine Singh (Doc. 99-3); and (4) another copy of an Investment Policy Statement (IPS) Part B and Risk Profile Questionnaire, prepared for Plaintiff Hem Nalini Singh with an illegible "Investment Advisory Acceptance" page (Doc. 99-4 at 6).

Plaintiffs responded, pointing out that the document submitted for Plaintiff Julie DiRico appears to be part of (or identical to certain pages of) the document labeled "Exhibits D, E, F, and G" in BCM's motion papers, which the Court has already ruled does not bind her to arbitration. (Doc. 100). Plaintiffs note that the documents submitted for Plaintiff Hem Singh are signed and initialed by her but do not themselves contain an arbitration clause; and they contend that the documents submitted for Plaintiff Jagnarine Singh were not in fact produced or disclosed to Plaintiffs until BCM filed its March 27th letter. (*Id.*).

The Court agrees with Plaintiffs with respect to Plaintiff Julie DiRico: Defendants simply have proffered no evidence that would enable the Court to conclude that she signed a binding arbitration agreement. With respect to Plaintiff Hem Singh, even if those are her initials on the document, the document is illegible and the Court will not assume that the initialed acknowledgements on that illegible page are identical to Dr. Hyman's acknowledgements which

bound him to arbitration. With respect to Plaintiff Jagnarine Singh, however, it does appear that she acknowledged receipt of the Investment Policy Statement (IPS) Part A containing a binding arbitration clause. (Doc. 99-3 at 4, 20).

In light of the foregoing, the Court grants BCM leave to renew its motion to compel arbitration only as to Plaintiff Jagnarine Singh on the basis of the documentation annexed to its March 27th letter. BCM shall serve and file its motion by April 6, 2026; Plaintiff shall file opposition, if any, by April 13, 2026; and BCM shall file reply, if any, by April 20, 2026. The parties are directed to meet and confer concerning the documentation regarding Plaintiff Jagnarine Singh and may file a stipulation in lieu of motion practice if they be so advised.

Defense counsel is warned that the Court may impose sanctions should they persist in making misrepresentations and/or presenting frivolous arguments.

**SO ORDERED.**

Dated:   White Plains, New York
         March 30, 2026

PHILIP M. HALPERN
United States District Judge

3