UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. JULIE DIRICO, DR. MARTIN HYMAN, HEM NALINI SINGH, and JAGNARINE SINGH,

Plaintiffs,

-against-

BROOKSTONE CAPITAL MANAGEMENT, LLC, CHRISTOPER J. CONOVER, and HUDSON VALLEY WEALTH MANAGEMENT, INC.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

25-CV-01052 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 18, 2026, the Court ruled on a second motion to compel arbitration filed by Defendant Brookstone Capital Management, LLC ("BCM"), granting the motion only as to Plaintiff Dr. Martin Hyman and otherwise denying the motion. (Doc. 96).[1] Thereafter, BCM again attempted to compel arbitration of the claims asserted by the other three Plaintiffs, but did not support its motions with sufficient documentation to establish an agreement to arbitrate, contrary to defense counsel's representation, except as to Jagnarine Singh. (*See* Docs. 99, 100, 102). Because it appeared to the Court that there existed a binding arbitration clause in the documentation proffered for Plaintiff Jagnarine Singh, the Court granted BCM leave to renew its second motion to compel arbitration only as to Plaintiff Jagnarine Singh. (Doc. 102).

On April 6, 2026, BCM moved to compel arbitration of Plaintiff Jagnarine Singh's claims. (Doc. 104). BCM also advised the Court that it located the arbitration agreement to which it had referred in its earlier motion practice as to Plaintiff Julie DiRico, and sought the Court's leave to

[1] BCM withdrew its first motion to compel arbitration when Plaintiffs filed an amended complaint (*see* Doc. 29), and thereafter filed the second motion to compel arbitration.

renew its motion to compel arbitration as to her claims as well. (Doc. 105). After hearing from Plaintiffs (Doc. 108), the Court granted BCM's request to supplement its renewed motion to compel arbitration by adding Plaintiff Julie DiRico as a subject of the motion (Doc. 109), and BCM so moved (Doc. 112).

Accordingly, pending before the Court are two renewed motions to compel arbitration as to the claims of Plaintiffs Jagnarine Singh and Julie DiRico.[2]

BCM presses these motions on the same grounds, and based on the same documentation, as its prior motion that was granted only as to Plaintiff Dr. Martin Hyman. "In deciding motions to compel [arbitration], courts apply a standard similar to that applicable to a motion for summary judgment." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). Thus, when ruling on a motion to compel arbitration, a court should "consider all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." *Id.* "In doing so, the court must draw all reasonable inferences in favor of the non-moving party." *Id.* "When moving to compel arbitration, the party seeking arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made." *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50 (2d Cir. 2022).

BCM furnished to the Court the "Investment Policy Statement (IPS)" consisting of (i) Part A: the Investment Advisory Contract whereby Client retains BCM to act as an investment advisor on the terms and conditions therein stated; (ii) Part B: the portfolio confirmation form; and (iii) a Risk Profile Questionnaire, as to Plaintiff Jagnarine Singh. (Doc. 104-1). BCM also furnished to the Court a Part B as to Plaintiff Julie DiRico. (Doc. 112-1).

[2] There is no motion to compel arbitration as to the claims of Plaintiff Hem Nalini Singh, despite counsel's prior representations that documentation sufficient to establish an agreement to arbitrate existed as to her claims. (*See* Docs. 99, 102). The Court warned defense counsel that sanctions could be imposed should they persist in making misrepresentations and/or presenting frivolous arguments. (Doc. 102).

Page 4 of Part A (*i.e.*, the Investment Advisory Contract) contains an arbitration clause, as was the case with Plaintiff Dr. Martin Hyman, requiring that "any controversy or claim . . . arising out of or relating to this Agreement or the breach thereof" will be settled first by informal negotiation and if any dispute is not so settled, "shall be settled by arbitration" before JAMS. (Doc. 104-1 at 4, 20, 23). It further states that "the determination of the scope or applicability of this agreement to arbitrate" shall be settled by arbitration. (*Id.* at 4). Page 6 of Part B sets forth the "investment advisory acceptance" and calls for client initials next to four statements including: "Client acknowledges that he/she has received a copy of Brookstone Capital Management Investment Policy Statement (IPS) Part A." (*Id.* at 20; Doc. 112-1 at 6). That page also contains a signature block following the statement: "If the foregoing currently states our understanding, kindly sign and return to us the enclosed copy of this contract." (Doc. 104-1 at 20; Doc. 112-1 at 6).

As the Court ruled with respect to Plaintiff Dr. Martin Hyman, Plaintiffs' claims arise out of and relate to their agreement with BCM and the investment advisory services provided by BCM. To the extent there is a dispute over whether the arbitration clause applies to the claims alleged in this action, such dispute is for the arbitrator to resolve pursuant to the express terms of the clause. Thus, to the extent the documentation described above was executed by the Plaintiffs, they have agreed to the provisions in the agreement and their claims must be resolved in accordance with the dispute resolution process identified in the agreement. Because Plaintiffs have, in their renewed motions, produced acknowledgements executed by Plaintiffs Jagnarine Singh and Julie DiRico (*see* Docs. 104-1, 112-1), the Court extends its earlier ruling (Doc. 96) to these Plaintiffs as well. Plaintiffs' declarations fail to raise an issue of fact as to their signed acknowledgements that they received and agreed to the arbitration agreements—rather, they either expressly confirm their

initials appear on the documentation (Doc. 51 ¶ 4 (DiRico); *see also* Doc. 114), or they simply contend they "do not believe that" they saw the arbitration agreement (Doc. 55 ¶ 4 (Singh); *see also* Doc. 110). Drawing all reasonable inferences in favor of Plaintiffs, these declarations fail to overcome their signed acknowledgements, and are insufficient to defeat BCM's motions.

Accordingly, BCM's motions to compel Plaintiffs Jagnarine Singh and Julie DiRico to submit the claims asserted in this action to binding arbitration are GRANTED.

In light of this ruling, the action is stayed pending arbitration as to Plaintiffs Dr. Martin Hyman, Julie DiRico, and Jagnarine Singh. To avoid piecemeal litigation, the risk of inconsistent decisions, and for the sake of judicial economy, the Court will issue an order administratively closing this case without prejudice to reopen within 30 days of the conclusion of the arbitration proceedings unless, by October 30, 2026, the parties advise the Court by letter filed via ECF why this case should remain open and active on this Court's docket.

The Clerk of Court is respectfully requested to terminate the pending motions (Doc. 104, Doc. 112).

**SO ORDERED.**

Dated: White Plains, New York
October 20, 2026



PHILIP M. HALPERN
United States District Judge